**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Donnell Dunlap, | No. CV-21-00111-TUC-RCC (EJM) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

On March 15, 2021, Petitioner Larry Donnell Dunlap, who was convicted in the Pima County Superior Court and is currently in the custody of the Arizona Department of Corrections, filed a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. 1.)[1]

The basis for this habeas petition is related to other matters Dunlap filed in federal court. Previously, Dunlap filed a prisoner civil rights petition pursuant to 42 U.S.C. § 1983, with similar facts as those raised here. (Doc. 1 in Case No. CV-20-1084-DJH-DMF.) The Court noted that Dunlap had three strikes against him, meaning he could not bring a claim without both prepaying the filing fee and alleging he is in imminent danger of serious bodily injury. (*Id.* at 2.) The Court found Dunlap had not met the imminent danger requirement, and dismissed his case without prejudice pursuant to 28 U.S.C. § 1915(g). (*Id.* at 4.) On February 24, 2021, Dunlap filed a similar civil rights complaint, attaching it to a "Motion for the Emergency Preliminary Injunction and the Immediate Release of

---

[1] Docket and page numbers refer to those generated by the Court's Electronic Case Filing (CM/ECF) system.

Plaintiff[] Larry Donnell Dunlap from the Custody of the Arizona Department of Corrections and Rehabilitation and Re-Entry, Due to the COVID19 Pandemic Virus Outbreak in Arizona[']s Prisons." (Doc. 1 in Case No. CV-21-327-DJH-DMF.) Here, the Court noted it did not have the ability to order release in a § 1983 action, and that habeas proceedings were the appropriate avenue for the relief he sought. (Doc. 6 at 2 in Case No. CV-21-327-DJH-DMF) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973).) The Court dismissed the § 1983 case without prejudice and denied Dunlap's emergency motion as moot. (*Id.*) Dunlap then filed the instant § 2254 Habeas Petition.

In the instant petition, Dunlap does not challenge the validity of his conviction in state court. (*See* Doc. 1.) Nor does he claim he is being confined past the expiration of his sentence. (*Id.*) Instead, Dunlap asserts his continued custody is a violation of his Eighth Amendment protection against cruel and unusual punishment because he has various health issues and Respondents[2] have failed to protect him from the Coronavirus. (*Id.* at 19.)

The Court's Screening Order stated, "For the purposes of this Order only, the Court will consider the Petition properly brought pursuant to § 2254." (Doc. 7 at 3–4.) Respondents answered the Petition (Doc. 11) and Dunlap filed a reply (Doc. 12) as well as an emergency motion requesting a preliminary injunction and his immediate release due to the Covid-19 pandemic in Arizona prisons. (Doc. 13.) Respondents answered the emergency motion. (Doc. 14.) Dunlap did not file a reply.

The instant case was referred to Magistrate Judge Eric J. Markovich for a report and recommendation. (Doc. 7 at 7.) Because of the pending emergency request for a preliminary injunction, the Court withdrew the referral. (Doc. 15.)

I.  *Procedural History*

Petitioner was convicted in Pima County Superior Court case number CR-052543, of five counts of child molestation and one count of sexual abuse. (Doc. 1 at 2.) Petitioner appealed his conviction to both the Arizona Court of Appeals and the Arizona Supreme

---

[2] Respondents include the Arizona Department of Corrections Rehabilitation & Reentry Director David Shinn and the Arizona Attorney General.

Court, raising issues that are not relevant to the instant habeas petition. (*Id.* at 2–3.) Dunlap filed several petitions for post-conviction relief, raising grounds for relief that are also not at issue here. (*Id.* at 4–5.) Dunlap filed only one Rule 32 Petition for Post-Conviction Relief ("PCR petition") since the beginning of the Covid-19 pandemic, but the PCR petition did not raise allegations that Respondents violated his Eighth Amendment rights based on their response to the Covid-19 pandemic. (*See* Doc. 11-1.)

However, Dunlap filed an emergency motion in the trial court, asking for a modification of his sentence due to Covid-19. (Docs. 16-2–16-5.)[3] The trial court denied the motion, stating that "the requested relief was neither warranted nor available." (Doc. 16-6 at 16.) The trial court allowed Dunlap to supplement the motion, but the court determined the supplement did not change its decision. (Doc. 16-9 at 4.)

Dunlap appealed, arguing the trial court erred by not waiting for a response before denying the motion and asserting that the trial court discriminated against him. (*Id.*) The Arizona Court of Appeals noted that Dunlap's motion, although not labeled as such, must be construed as a successive PCR petition. (*Id.* (citing Ariz. R. Crim. P. 32.3(b)).) However, the appellate court found that as a successive PCR petition, Dunlap had not indicated the basis for his claim under Arizona Rule of Criminal Procedure 32.1 and concluded that Dunlap's claims were not cognizable under the rule. (*Id.*) The appellate court then affirmed the trial court's denial of the motion. (*Id.* at 5.) The Arizona Supreme Court summarily dismissed Dunlap's petition for review. (Doc. 16-10 at 2.)

II.     *§ 2254 Habeas Petition*

Dunlap's § 2254 habeas does not challenge the validity of this conviction or the duration of his confinement. (*Id.*) Instead Dunlap seeks immediate release from prison, claiming his continued confinement violates the Eighth Amendment prohibition against cruel and unusual punishment. (*Id.*) Dunlap states he has leukopenia, hypertension, high

---

[3] The Court ordered Respondents to file the documents relating to the emergency motion for modification pursuant to Rule 5(d) of the Rules Governing Section 2254 Cases in the United States District Courts, because the documents were referenced but never filed by Petitioner or Respondent. (Doc. 15.)

cholesterol, glaucoma, inguinal hernia, and stage-3 kidney failure. (*Id.*) Dunlap claims that his constitutional rights have been violated because Respondents have not protected him from the Coronavirus and Respondents refuse to release him from custody. (*Id.*)

### III. Standard of Review

#### a. Exhaustion

For habeas review, a petitioner must first show he has exhausted his state remedies by fairly presenting the same issues to the state's highest court. 28 U.S.C. § 2254(b)(1)(A); *see also Coleman v. Thompson,* 501 U.S. 722, 731 (1991). The requirement to exhaust state remedies makes certain that the state courts are given an opportunity to address constitutional violations without the federal court's intrusion. *Rose v. Lundy,* 455 U.S. 509, 515 (1982). To fairly present a claim, petitioner must "describe[] the operative facts and legal theory upon which his claim is based." *Duncan v. Henry*, 513 U.S. 364, 370 n.1 (1995) (quoting *Tamapua v. Shimoda*, 796 F.2d 261, 262 (9th Cir. 1986)). However, an claim does not necessarily need to be raised in a petition for post-conviction relief, an issue is exhausted if the state appellate court has ruled on the merits. *See Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011) ("Regardless of whether or how a petitioner has presented a claim, . . . that claim has been exhausted if the state courts have in fact ruled on its merits."); *see cf. Lindquist v. Gardner*, 770 F.2d 876, 878 (9th Cir. 1985) (dismissing claim for procedural reasons does not exhaust state remedies). What is necessary is that the filing describes "both the operative facts and the federal legal theory on which his claim is based so that the state courts have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003).

Respondents assert Petitioner has not exhausted his state remedies because he did not file a PCR Petition raising the same claims. (Doc. 11.) But he was not required to file a PCR petition specifically for exhaustion to occur: the Arizona Court of Appeals recognized that, under Arizona Criminal Rule of Procedure 32.3(b), his emergency motion is considered a successive PCR petition. (*See* Doc. 16-9 at 4.) Dunlap's appeal raised the

following issues: he asserted that the trial judge committed an abuse of discretion and a Fourteenth Amendment violation, acted in retaliation, and improperly advocated against Dunlap. (Doc. 16-6.) Dunlap also claimed due process violations occurred because he was denied an evidentiary hearing on his emergency motion. (*Id.* at 3.)

Dunlap's appellate arguments do not raise the Eighth Amendment claims presented in his habeas petition. Therefore, Dunlap has not fairly presented his legal arguments to the state appellate court, his claims are not exhausted, and the Court may deny the habeas petition on this basis. However, as seen below, even if he exhausted his claims, there is no relief available to him in a § 2254 habeas petition.

### b. § 2254 versus § 1983

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). And so, "the exclusive vehicle" for "suits about prisoner life" is through a § 1983 suit, not a § 2254. *Id.* at 932. And yet, the only process for an inmate to pursue immediate release is through a habeas petition. *See Nettles*, 830 F.3d at 927 (finding § 2254 is the "exclusive remedy" for claims that, if granted, would lead to inmate's release). But, an inmate in custody pursuant to a state court judgment is limited to filing a habeas pursuant to 28 U.S.C. § 2254 alone. *White*, 370 F.3d 1002 1009–10 (9th Cir. 2004).

When the Court screened Dunlap's § 2254 habeas and assumed for the purposes of that Order that habeas was the proper method for relief, it quoted *Wilson v. Williams*, which stated, "where a petitioner claims that no set of conditions would be constitutionally sufficient[, Sixth Circuit precedent supports the conclusion that] the claim should be construed as challenging the fact or extent, rather than the conditions, of confinement." 961 F.3d 829, 838 (6th Cir. 2020). Upon deeper reflection, this Sixth Circuit opinion is not only non-binding, but is distinguishable from the instant matter. *Williams* analyzed a § 2241 petition, not a § 2254 as Dunlap presents here. The Court finds (1) Dunlap may only file a § 2254 habeas, and (2) his § 2254 habeas is a challenge to the conditions of confinement.

As such, it is not cognizable. *See Henson v. Shinn*, CV-20-02409-PHX-MTL-DMF, 2021 WL 1795638, at *5 (D. Ariz. Feb. 4, 2021), *report and recommendation adopted*, 2021 WL 1560559 (D. Ariz. Apr. 21, 2021).

Dunlap has already been denied immediate release in his prior § 1983 claim, wherein the Court notified him, "(a) the Court cannot order Plaintiff's release in a § 1983 action and (b) habeas proceedings are the proper mechanism for a prisoner seeking to challenge the legality or duration of his confinement." (Doc. 6 at 2 in CV-21-DCH-DMF) (citing *Preiser*, 411 U.S. at 488–90.)

However, this statement does not mean that Dunlap has a right to immediate release in § 2254 habeas proceedings. A § 2254 habeas petition is an avenue for relief for inmates challenging the duration or validity of their state conviction and sentence. *Nettles*, 830 F.3d at 927. Dunlap's instant § 2254 challenges neither duration nor validity of his conviction or sentence. He is asking the Court to release him because, in his opinion, the facility at which he is incarcerated is not taking proper measures to protect him from Covid-19. This is a challenge to the conditions of his confinement which may only be raised in a § 1983 petition.

It appears Dunlap is in a Catch-22. He cannot be immediately released if he brings a § 1983 claim and may only pursue release through habeas. And, because he is a state prisoner, the only avenue available to him in habeas is through a § 2254 petition. But, his claim is not cognizable in a § 2254 because it challenges his conditions of confinement, which may only be raised in a § 1983. However, this does not negate all forms of relief stemming from his allegation Respondents are violating his Eighth Amendment rights. "While release from prison is not an available remedy in a civil rights action, other types of injunctive relief are available, such as enjoining unconstitutional conduct or requiring compliance with protective measures." *Henson v. Shinn*, Case No. CV-20-02409-PHX-MTL (DMF) SHORT CITE.

IV.   *Conversion to a § 1983*

A court may recharacterize a habeas petition as a § 1983 civil rights action if the

- 6 -

petition is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and if the court provides notice of the conversion, a warning of the consequences, and a chance for the petitioner to withdraw or amend his petition. *Nettles*, 830 F.3d at 936. Here recharacterization is not appropriate. First, Dunlap's § 1983 claims seeking immediate release arguing Respondents violated his constitutional rights by failing to protect him from Covid-19 and refusing to grant his immediate release have already been dismissed. (*See* Doc. 6 at 2 in CV-21-327-DJH-DMF.) Second, his petition is not "amenable to conversion on its face" because it still asks for immediate release and is not properly suitable in a § 1983 habeas. Finally, one of the differences between a § 1983 and a § 2254 is that in a § 1983 case, the inmate is required to show he has exhausted his administrative remedies before challenging prison conditions. 42 U.S.C. § 1997e(a). Dunlap has not shown administrative exhaustion.[4] (*See* Doc. 13 at 3.)

V. *Emergency Motion for Preliminary Injunction*

Dunlap also filed an emergency motion for a preliminary injunction, asking the Court to order his immediate release, and raising the same arguments stated in his § 2254 habeas petition. (Doc. 13.) As in Dunlap's § 1983 case, because the Court denies his § 2254 habeas, it will deny the emergency motion as moot.

VI. *Certificate of Appealability*

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

---

[4] While Dunlap claims administrative remedies are not available to him, he does not state that he tried to exhaust and was denied. (Doc. 13 at 3.) The Court also notes that under Ariz. Rev. Stat. Ann. § 31-233, the director of the Arizona Department of Corrections "may [] authorize furlough, temporary removal or temporary release of any inmate for compassionate release" and some form of administrative relief may be available to him.

*McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that jurists of reason would not debate whether the district court was correct in its procedural rulings. Therefore, the Court will not issue a COA.

Accordingly, IT IS ORDERED Larry Donnell Dunlap's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is DENIED as unexhausted and non-cognizable. (Doc. 1.) Petitioner's emergency motion for preliminary injunction and immediate release is DENIED AS MOOT. (Doc. 13.)

Dated this 21st day of July, 2021.

Honorable Raner C. Collins
Senior United States District Judge